## No. 900
### MEEKER et al v. SCUDDER et al
Ohio Supreme Court
Nos. 17819, 17838. Decided June 26, 1923
This case will appear in —— Ohio State Reports

293. PHYSICIANS—(1) Administrative Code affecting State Medical Board held valid.

216. INJUNCTION—(2) One who has not exhausted right of appeal from State Medical Board cannot enjoin operation of administrative code on ground of unconstitutionality.

281—PARTIES—(3) Applications for license to practice any calling or profession may not join to institute class suit to determine constitutionality of statute.

372A. VENUE—(4) Action against public officers may be brought in county where they have their official place of business.

(For Official Syllabus, see below.)
### Epitomized Opinion
An action was brought by Meeker et al in the Court of Common Pleas of Hamilton county to enjoin Scudder et al from administering the Ohio Medical Act under the recent Administrative Code, charging among other things that the defendants, especially the members of the Ohio State Medical Board, were unreasonable, arbitrary and capricious in their administration of such law, particularly against the defendants and the class they represent. All of the plaintiffs were chiropractors, and they claimed that the State Medical Board was discriminating against them. An injunction was prayed for and denied. The Court of Appeals affirmed the lower court. In sustaining the judgment of the lower courts, the Supreme Court in Official Syllabus, as follows:

1. "The Administrative Code, Vol. 109, Ohio Laws, p. 105 et seq., so far as it affects the Ohio State Medical Board, does not violate any provision of the State or Federal Constitution.

2. "Applicants for a license to practice any calling or profession under the laws of the State of Ohio must stand upon their individual rights and qualifications, and they must not join for the purpose of instituting a class suit to determine the unconstitutionality of an act of the General Assembly.

4. "Under Section 11271, General Code, actions against the Ohio State Medical Board and other public officers having their official places of business in Franklin county, and in no other county, can be instituted only in Franklin county.

Attorneys—S. W Bennett, Columbus, and Pogue, Hoffheimer & Pogue, Cincinnati, for Meeker et al; C. C. Crabbe, Atty. Gen., and Herbert D. Mills and Wm. J. Meyer, Columbus, for Scudder et al.

## No. 901
### SUTTER v. STATE
Ohio Supreme Court
No. 17870. Decided June 19, 1923
To Appear in —— Ohio State Reports

310A. QUO WARRANTO.
Is proper remedy to test right to hold office as member of Board of Education—Mandamus is not.

PER CURIAM: Epitomized Opinion

This was an original action in quo warranto, instituted in the Court of Appeals of Crawford county by the State on relation of Maul against Sutter. The evidence disclosed that Sutter was a member of the school board of the New Washington school district; that a part of the territory of this school district was transferred to the Chatfield school district, and Sutter lived in the district so transferred; and that Maul was elected to fill the vacancy by the board. Sutter contended that he had changed his residence and become a bona fide resident of the New Washington district. The Court of Appeals entered a judgment of ouster against Sutter on the ground that Sutter's change of residence was pretended only. Affirming the judgment, the Supreme Court held:

1. "Quo Warranto, 12307 GC., is the proper remedy to test the right to hold office as member of the board of education of a consolidated school district. Mandamus will not lie because it is a writ issued in the name of the State to an inferior tribunal commanding the performance of an act which the law specially enjoins, resulting from an office, trust or station."

2. Mandamus, 12283, will not lie to test the right to hold office.

Attorneys—O. W. Kennedy, B. Meck, Bucyrus, and S. W. Bennett, Columbus, for Sutter; Sears & Sears, Bucyrus, for State.