By The Court.
Belator filed a petition in mandamus in the Court of Appeals of Cuyahoga county to *648 compel the Industrial Commission to certify a transcript of the record, taken on rehearing, disallowing a modification of award of workmen’s compensation, and to compel the filing of such transcript in the Court of Common Pleas as is required by Section 1465-90, General Code. A precipe was filed for summons upon the Industrial Commission, directing the sheriff to serve the branch manager of the commission at Cleveland, which summons was issued, service made upon such branch manager, and the return thereof was duly made by the sheriff. The Industrial Commission, solely for the purpose of the motion and without entering appearance, moved to quash the service of summons for the reason that the Court of Appeals had no jurisdiction over the parties and such service did not confer upon that court jurisdiction over the Industrial Commission. The Court of Appeals sustained the motion to quash service of summons and appeal was taken to this court. The Industrial Commission moved to dismiss the appeal on the ground that no final order was entered in the Court of Appeals, which motion was sustained and the appeal was dismissed. State, ex rel. McCale, v. Industrial Commission, ante, 13.
Thereafter an entry was journalized in the Court of Appeals, reciting that the motion to quash service of summons was sustained; that the service of summons, though duly effected on the Cleveland branch manager of the Industrial Commission, did not confer jurisdiction over the Industrial Commission in the Cuyahoga county Court of Appeals; that a mandamus action seeking to compel certification of the rehearing transcript should be filed in the appropriate court in Franklin county, and that the petition of the relator was dismissed.
Appeal as of right in a case originating in the Court of Appeals was duly perfected in this court.
We are not here concerned with the question where *649 the cause of action arose. The controlling question here presented is whether service upon the manager of a branch office of the Industrial Commission gives the Court of Appeals of Cuyahoga county jurisdiction over the person of the commission.
Mandamus is an action in personam and jurisdiction in the Court of Appeals of Cuyahoga county was not obtained over the person of the commission by service of process on the Cleveland branch manager. Consequently, the motion to quash was properly allowed.
The cases of Meeker v. Scudder, 108 Ohio St., 423, 140 N. E., 627, and State, ex rel. Nichols, v. Gregory et al., Industrial Commission, 130 Ohio St., 165, 198 N. E., 182, are not authority in the consideration of the problem here presented. The court there dealt with the question of jurisdiction over the subject-matter of the action, while the problem here presented is whether the Court of Appeals obtained jurisdiction over the person of the commission.

Judgment affirmed.

Weygandt, C. J., Jones, Matthias, Day, Zimmerman, Williams and Myers, JJ., concur.