THE STATE, EX REL. McGANN, *v.* EVATT, TAX
COMMISSIONER, ET AL.
EX PARTE MADDUX.

(Decided March 11, 1940.)

*Mr. Jerome Goldman,* for relator, Charles H. Mc-Gann.

*Mr. Thomas J. Herbert,* attorney general, *Mr. John P. Walsh, Mr. E. A. Schott* and *Mr. Harold G. Barron,* for respondents.

By THE COURT. In the first above-entitled case the relator seeks a writ of mandamus to compel the officials of the Department of Taxation and the state Civil Service Commission to perform certain acts which he alleges they are bound to perform under their duty resulting from their respective offices, the ultimate duty being the relator's reinstatement in his position as a civil service employee in the position of branch office superintendent in the Cincinnati office of the Department of Taxation.

While Wilbur E. Maddux is joined as a respondent and a writ of mandamus is prayed against him, there is no allegation that he holds any office by reason of which a special duty is imposed upon him, which it is sought to have him perform. Indeed the crux of the action in one aspect is that Maddux is not the lawful holder of any office, and in the other aspect, while he may be the lawful holder of a position, no duty resulting from it is sought to be enforced.

An alternative writ of mandamus was issued.

Thereafter, the respondent officials of the Department of Taxation and the state Civil Service Commission, appearing solely for that purpose, filed a motion to quash the service upon them, on the ground that the court has no jurisdiction, and the cause now comes before the court upon that motion.

By Section 11271, General Code, it is enacted that:

"Actions for the following causes must be brought in the county where the cause of action or part thereof arose: * * *

"2. Against a public officer, for an act done by him in virtue or under color of his office, or for neglect of his official duty * * *."

This language was construed in *Meeker* v. *Scudder*, 108 Ohio St., 423, 140 N. E., 627, the court saying in the fourth paragraph of the syllabus:

"Under Section 11271, General Code, actions against the Ohio state medical board and other public officers having their official places of business in Franklin county, and in no other county, can be instituted only in Franklin county."

By Section 1465-7, General Code, the official situs of the Department of Taxation is Columbus, and by Section 486-6, General Code, the same city is made the official situs of the state Civil Service Commission.

Every official dereliction alleged against the respondents occurred in the city of Columbus. Every official act, of which the relator seeks to compel performance, would be performed in Columbus. It is manifest that no part of the cause of action arose in Hamilton county.

So it is evident that jurisdiction in this court to entertain this action against the state officials cannot be predicated upon all or any part of it having arisen in this county.

But, it is urged that the joinder of Maddux, who can be served personally in this county, authorizes the joinder of the state officials as necessary, or, at least, proper, parties, regardless of where the cause of action arose. Section 11255, General Code, authorizing the joinder of anyone who has or claims an interest adverse to the plaintiff, or who is a necessary party to a complete determination of the issues, and Section 11282, General Code, which authorizes the issuance of summons to another county when the action is properly

brought in any county, are cited as authority for the contention.

The defect in this argument is that these parties are not properly joined. The cause of action alleged against the state officials is one that arose in Columbus, and the duty, the performance of which the relator prays be compelled would be performed in Columbus. Maddux took no part and could take no part in the official dereliction, and neither would nor could take any part in any official duty, which might be ordered performed by the courts.

We, therefore, hold that, notwithstanding the joinder of Maddux as a respondent, this court has no jurisdiction over the state officials by reason of the service of any writ upon them in Franklin county, and, that, therefore, the motion to quash should be and is sustained.

We are also of the opinion that this action is a special proceeding invoking the original jurisdiction of this court to issue, in a proper case, the extraordinary writ of mandamus and that it cannot be transformed into a proceeding in *quo warranto* by amendment. Such an amendment would not only change the form of the remedy, but would also completely change the cause of action. It is not necessary for us to decide whether the relator could maintain an action in *quo warranto* against Maddux under the circumstances of this case, and we express no opinion on that subject.

As the petition states no cause of action against Maddux, falling within the original jurisdiction of the court, this court has no jurisdiction of the cause—whatever it may be—disclosed by the allegations of the petition.

The action is dismissed for want of jurisdiction.

As to the *ex parte* proceedings, the action is in *habeas corpus*.

Prior to the hearing of this motion to quash, the relator had proceeded with the taking of depositions.

At the hearing the witness refused to answer, on the ground that the notary had no jurisdiction. Upon being committed for contempt, he filed a petition for a writ of *habeas corpus,* and, by agreement, that was heard in conjunction with the motion to quash, as the jurisdiction of the notary was dependent upon the jurisdiction of this court.

As we have found that this court has no jurisdiction, it follows that the notary had no jurisdiction to commit.

Therefore, in the *habeas corpus* case, the writ is allowed, and the petitioner ordered discharged.

*Motion sustained.*
*Writ allowed.*

HAMILTON, P. J., MATTHEWS and ROSS, JJ., concur.