**LOPEZ et al. v. SECCOMBE et al.***
Civ. No. 3158-Y.

District Court, S. D. California, C. D.
Feb. 5, 1944.

David C. Marcus, of Los Angeles, Cal., for petitioners.

H. R. Griffin, of San Bernardino, Cal., for respondents.

YANKWICH, District Judge.

I. This court finds as true that said City of San Bernardino is a municipal corporation organized under and pursuant to the laws of the State of California; that said City is a chartered city incorporated in the State of California in the year 1886, and thereafter re-incorporated and its chapter approved and ratified by the State Legislature on February 8, 1905.

II. This Court finds as true that at all times mentioned in plaintiffs' complaint, W. C. Seccombe was and now is the duly qualified elected and acting Mayor of said City of San Bernardino.

III. This Court finds as true that Leslie Case, Wm. H. Roberts, George Shafer,

---

* In a case decided by the Circuit Court of Appeals for the Ninth Circuit on April 14, 1947, Westminster School District of Orange County et al. v. Mendez, 161 F. 2d 774, reference is made, in the concurring opinion of Judge William Denman, to a prior decision of Judge Leon R. Yankwich of the Southern District of California, which denied the right of California authorities to segregate persons of Latin and Mexican descent and to deny them the privilege of public places. As no written opinion was filed in the case, we asked and received permission from Judge Yankwich to publish his findings, which accord in principle with the decision of Judge Paul J. McCormick, which the Circuit Court of Appeals upheld in Westminster School District of Orange County et al. v. Mendez, 161 F. 2d 774.

770

Howard L. Holcomb and Timothy Sheehan were at all times mentioned in plaintiffs' complaint and now are the duly elected, qualified and acting members of the City Council of the City of San Bernardino.

IV. This Court finds as true that James Cole was at all times mentioned in plaintiffs' complaint and now is the duly appointed and acting Chief of Police of said City of San Bernardino.

V. This Court finds as true that H. R. Griffin was at all times mentioned in plaintiffs' complaint and now is the duly elected, qualified and acting City Attorney of said City of San Bernardino.

VI. This Court finds as true that Owen R. Bristow was at all times mentioned in plaintiffs' Complaint and now is the duly appointed and acting Superintendent of Parks.

VII. This Court finds as true that petitioners and each of them, herein, are and now are during all times mentioned have been, citizens of the United States and residents or taxpayers of said City and County, and that each and all petitioners are of Mexican or Latin descent or extraction.

VIII. This Court finds as true that petitioner Ignacio Lopez is an American citizen of Mexican descent and extraction, a taxpayer of said County of San Bernardino, a graduate of Chaffee Jr. College and Pomona College and the University of Southern California; and recently head of the Spanish Department in the Office of Foreign Language, Division of Office of War Information, Spanish speaking director of the Office of Coordinator of Inter-American affairs at Los Angeles, California, and is editor of El Espector, a newspaper in said City and County.

That petitioner Rev. R. N. Nunez is an American citizen of Mexican descent, ordained Catholic Priest and presides over the San Bernardino Parish of the Guadalupe Church and is a resident of said City and County.

That petitioner Eugenio Nogueroa is an American citizen of Latin descent, a graduate of Cayey High School, Porto Rico, and of University of Porto Rico, a former member of the 76th Field Artillery Third Division, United States Army, and editor and publisher at San Bernardino, California, and a resident and taxpayer of said City and County.

That Virginia Prado is a student, citizen of the United States, and a resident of the City of San Bernardino, County and State as aforesaid, and of Mexican descent.

That Rafael Munoz is a student, citizen of the United States, and a resident of the City of San Bernardino, County and State as aforesaid, and is a Mexican descendant.

IX. This Court finds as true that each and all of Petitioners herein contribute to the financial support and maintenance of said park, playground, swimming pool, plunge, and facilities mentioned and each and all of your petitioners are citizens and contributors and are beneficially interested in the privileges, management, control, use and occupation of said facilities as heretofore stated, and as members of the public and citizens of the United States, are entitled to admission and the use and enjoyment of said playground, swimming pool, plunge, bathhouse and facilities.

X. This Court finds as true that all of your petitioners are of clean and moral habits not suffering any disability, infectious disease, nor have they any physical or mental defect, but in all other respects are persons proper and qualified to be admitted to and enjoy the use of said bathhouse, plunge, swimming pool, park, playground, and all facilities in connection therewith. That their admission to and the use of said bathhouse, pool, plunge and facilities within said park and playground is not inimical, harmful or detrimental to the health, welfare or safety of other users thereof.

XI. This Court finds as true that for several years last past all persons of Mexican or Latin descent or extraction, though citizens of the United States of America have on repeated occasions been excluded, barred and precluded from using, enjoying or entering upon that portion of said park and playground containing said swimming pool, plunge, bath house and facilities, by respondents, their servants, agents and employees.

XII. This Court finds as true that petitioners and each of them and all others of Mexican or Latin descent have been denied admission to, and the use, benefit and enjoyment of said swimming pool, plunge, bath house, and facilities within said park and playground by respondents, their servants, agents and employees, that such denial of admission, use, benefit and enjoyment is based solely upon the fact that petitioners are of Mexican or Latin descent.

XIII. This Court finds as true that petitioners and others of Mexican and Latin descent or extraction, all of them citizens of the United States, at various times too numerous to mention and particularly on or about the first day of September, 1943, have sought admission to the facilities of said park as mentioned, during hours when same were open to the public at large, but said respondents, their servants, agents, and employees, denied petitioners the right to enter and use said privileges based solely upon the fact that petitioners were of Mexican and Latin descent or extraction. That petitioners on numerous occasion during the year 1943, and each of them, have protested to respondents, and each of them, have demanded admission and the use and privilege of the said facilities of said park at and during the time that such facilities are open to the public to all of which said respondents did then and there refuse and still fail and refuse at all times, or at any time, when same is open to the public, solely for the reasons stated.

XIV. This Court finds as true that petitioners and other persons of Mexican and Latin descent, all citizens of the United States, are denied the use and enjoyment of the facilities of said park as aforesaid notwithstanding that other persons and the public are allowed the use and enjoyment of said privileges at all times when such park and facilities are open to the public. That by reason thereof, the injury to petitioners is continuous, great and irreparable, and is calculated to affect their health and rights as citizens of the United States of America, and of the State of California.

XV. This Court finds as true that by this suit and proceedings, petitioners seek to redress the deprivation by respondents herein, under color of regulation, custom and usage, of petitioners' civil rights, privileges and immunities secured to them by the Laws of the United States, and as guaranteed to each of them by the Laws and Constitution of the United States of America.

XVI. This Court finds as true that respondents' conduct as aforesaid, is illegal and is in violation of petitioners' rights and privileges, as guaranteed by the Constitution of the United States of America, and as secured and guaranteed to them as citizens of the United States, by the Constitution of the United States of America, as particularly provided under the Fifth and Fourteenth Amendments. That petitioners are entitled to such equal accommodations, advantages and privileges and to equal rights and treatment with other persons as citizens of the United States, in the use and enjoyment of the facilities of said park and playground and to equal treatment with other persons and to the equal protection of the laws in their use and enjoyment of said privileges as provided, and afforded to other persons at all times when the same is open and used by them.

XVII. This Court finds as true that petitioners allege that said denial of the admission and usage is unconstitutional, illegal and void and is being enforced against petitioners and each of them, by such discriminatory conduct and practice by respondents and each of them.

XVIII. This Court finds as true that this action is brought on behalf of petitioners and some 8,000 other persons of Mexican and Latin descent and extraction, all citizens of the United States of America, residing within said district. That the questions involved by these proceedings are one of a common and general interest and the parties are numerous and it is impractical to bring all of them before the Court. Therefore, these petitioners sue for the benefit of all.

XIX. This Court finds as true that this action is brought under the provisions of Section 24 of the Judicial Code of the United States, 28 U.S.C.A. § 41, Sub. 14, to prevent the respondents from unlaw-

**772**

fully interfering with petitioners' equal protection of the laws and due process of law.

XX. This Court finds as true that petitioners have no plain, speedy or adequate or any remedy at law, and that petitioners are suffering great and irreparable damage.

As Conclusions of Law from the Foregoing Findings of Fact, the Court herein now concludes as follows:

 I. That respondents' conduct is illegal and is in violation of petitioners rights and privileges as guaranteed by the Constitution of the United States, and as secured and guaranteed to them as citizens of the United States, by the Constitution of the United States of America, as particularly provided under the Fifth and Fourteenth Amendments. That petitioners are entitled to such equal accommodations, advantages, and privileges and to equal rights and treatment with other persons as citizens of the United States, in the use and enjoyment of the facilities of said park and playground and to equal treatment with other persons and to equal protection of the laws in their use and enjoyment of said privileges as provided, and afforded, to other persons at all times when the same is open and used by them.

II. That said denial of the admission and usage is unconstitutional, illegal and void and is being enforced against petitioners and each of them, by such discriminatory conduct and practice by respondents, and each of them.

III. That this action is brought on behalf of petitioners and some 8,000 other persons of Mexican and Latin descent and extraction all citizens of the United States of America, residing within said district. That the questions involved by these proceedings are one of common and general interest and the parties are numerous and it is impractical to bring all of them before the Court. Therefore, these petitioners sue for the benefit of all.

IV. That this action is brought under the provisions of Section 24 of the Judicial Code of the United States, 28 U.S. C.A. § 41(14) to prevent the respondents from unlawfully interfering with the peti-

tioners' equal protection of the laws and due process of law.

V. That petitioners have no plain, speedy or adequate or any remedy at law, and that petitioners are suffering great irreparable damage.

VI. That by this suit and proceedings, petitioners seek to redress the deprivation by respondents herein, under color of regulation, custom and usage, of petitioners' civil rights, privileges, and immunities secured to them by the laws of the United States, and as guaranteed to each of them by the laws and Constitution of the United States of America.

VII. That petitioners are entitled to a permanent injunction against the respondents.

Let judgment be entered accordingly.