BESSIE KAHN, on Behalf of Herself and All Other Persons, Insured or Beneficiaries, Similarly Situated, under Life Insurance Policies Issued by Defendant, Plaintiff, *v.* NEW YORK LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Special Term, New York County, February 7, 1945.

*Ronald B. Swinford* and *Ferdinand H. Pease* for defendant. *Herman Kahn* for plaintiff.

SHIENTAG, J. This is a motion under rules 102, 103 and 106 of the Rules of Civil Practice directing the plaintiff to serve an amended complaint on the ground that it appears on the face of the complaint that there is a misjoinder of parties plaintiff and that the second alleged cause of action cannot be maintained by the plaintiff in a representative capacity, dismissing the second cause of action, and for other relief.

Plaintiff, in her first cause of action sues as beneficiary under a policy issued by the defendant on the life of her husband. Defendant is ready, willing and has offered to pay plaintiff the

face amount of the policy but she refuses to accept the same, claiming that under the provisions of the policy relating to optional methods of settlement she has the right to leave the avails of the policy on deposit with the defendant with interest guaranteed at the rate of 3% per annum.

In the first cause of action plaintiff seeks to have the provisions of the policy, relating to optional methods of settlement, judicially construed and in the second cause of action sues on behalf of herself and on behalf of all other persons who are insured or are beneficiaries similarly situated under life insurance policies issued by the defendant and seeks to have judicially determined for them the rights of all of such other persons under their several and separate policy contracts.

I am of the opinion that the plaintiff's second cause of action is insufficient as matter of law. There is no allegation that any controversy exists between the defendant and any such other person or that there is any other unsatisfied matured claim under a similar policy, or that plaintiff is authorized to sue for any such person. Furthermore, there is no allegation that there is any relationship between the contract on which plaintiff sues and the contracts of policyholders and beneficiaries she purports to represent. In other words, there is no allegation of community of right nor does the plaintiff set forth the existence of a common fund applicable to plaintiff's claim and the supposed claims of other beneficiaries and policyholders.

Plaintiff's rights and the rights of those whom she purports to represent are personal and singular to each other. Obviously there are many factual and legal differences among those whom she seeks to represent and a representative action is not maintainable. Plaintiff is required to establish her right to sue in a representative capacity pursuant to section 195 of the Civil Practice Act. That section provides that " Where the question is one of a common or general interest of many persons * * * who might be made parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

The historical background of this section and the circumstances under which a representative action will lie were outlined by Chief Judge LEHMAN in the case of *Brenner* v. *Title Guarantee & Trust Co.* (276 N. Y. 230, 235, 236). " Its purpose was not to provide for the joinder in one action of separate causes of action owned by different plaintiffs. Its purpose was rather to retain ' in the new practice the same rules by which to determine whether the proper parties were before the court,

which then prevailed in the court of chancery.' * * * In those cases where it applied, one person may prosecute a cause of action or interpose a defense for the benefit of others, who are not parties to the action, but, only, where they might *properly be joined as parties* because they have a common or general interest or are united in interest.''

In the instant case plaintiff sues as beneficiary on a policy of insurance issued by the defendant on the life of her husband and, so far as appears from the complaint herein, there is no relationship between this policy contract and any other policy contracts which the defendant issued on the lives of other insureds with whom she has any unity of interest. If other policyholders had been individually wronged, their right to relief was several and an action might be maintained by each person so wronged individually or by their joinder as plaintiffs in one action but the joinder of plaintiffs in one action is different from a representative action. In the latter case plaintiff must establish not only that there is a common or general interest but that they were united in interest (see, also, *Cavanagh* v. *Hutcheson,* 140 Misc. 178, affd. 236 App. Div. 794).

Accordingly, the motion of the defendant is in all respects, granted.