HOMER NEFF, APPELLEE, V. RALPH E. BOOMER, APPELLANT, IMPLEADED WITH EDWIN SCHULTZ ET AL., APPELLEES.
31 N. W. 2d 222

Filed March 3, 1948. No. 32358.

*Walter R. Johnson,* Attorney General, *Clarence S. Beck,* and *Robert A. Nelson,* for appellant.

*Merril R. Reller, John McArthur, Gerald W. Davis,* and *Chambers & Holland,* for appellees.

*Kennedy, Holland, DeLacy & Svoboda* and *Moyer & Moyer,* amici curiae.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and WESTERMARK, District Judge.

SIMMONS, C. J.

Plaintiff sought an injunction preventing the named defendants from denying him admission to the horse races at the fair grounds in 1946. The writ was issued. The race meet closed. Amended pleadings were filed. Trial was had resulting in a dismissal as to four of the defendants, and an injunction issued as to defendant Boomer. Defendant appeals. On trial de novo here we reverse the judgment and dismiss the cause.

This action was commenced on August 16, 1946, against five named individuals as defendants, being Ralph E. Boomer, Edwin Schultz, Charles E. Royce, P. J. Janning, and H. J. Boink. The petition alleged that the defendant Boomer was a member of the State Racing Commission, and that the other defendants were employees of the Commission and Boomer, and acting under the authority and direction of the defendant Boomer. Plaintiff alleged that he had been denied admission to and had been ejected from the racing meets then being held at the Nebraska State Fair grounds.

Plaintiff sought an injunction preventing the defendants from refusing him admission to the grounds and races. On motion of plaintiff on the same day the court enjoined the defendants as prayed, the order to remain in effect until further order of the court. Motions to dissolve and vacate the injunction were made and sustained on August 28, 1946. Plaintiff then filed a motion to fix the amount of a supersedeas bond. Thereafter demurrers were filed. No action appears to have been taken on the motion or demurrers. Thereafter answers were filed in October 1946. Motions to dismiss were filed by defendants on the ground that the action had become moot. Plaintiff then filed an amended petition; answers and a reply were filed.

The affidavit of plaintiff previously made in the action was offered in evidence by stipulation that it was to be considered as evidence, with the same force and effect as though the plaintiff had given said evidence

in the usual manner at a trial of actions of this kind. His amended petition was offered and received, to be considered with like force and effect. The defendants Schultz and Royce offered the affidavit of Schultz, and their answer to the amended petition, to be considered with like force and effect. The defendants Boomer, Janning, and Boink offered the affidavit of the clerk of the municipal court of the City of Lincoln, likewise their answer to the amended petition was offered and, received, subject to being considered with the same force and effect as though the parties had so testified in open court. The above constitutes the evidence at the trial.

The trial court found generally for the plaintiff and against the defendant Boomer. The court dismissed the action as against the defendants Schultz, Royce, Janning, and Boink. The court permanently enjoined the defendant Boomer as an individual and as a member of the State Racing Commission from denying plaintiff admission to horse races and race meetings held under the pari-mutuel wagering statutes of the State of Nebraska, or molesting or interfering with plaintiff at such meetings and races, so long as he shall abide by the rules and regulations governing said horse races and race meetings. From that order the defendant Boomer appeals.

No question is presented here as to the dismissal of the four defendants. The cause is here for trial de novo. We have then a case of plaintiff Neff against defendant Boomer.

First, as to the status of the defendant Boomer. Plaintiff alleges that Boomer is a member of the State Racing Commission of Nebraska. The trial court so found. By answer Boomer admits that he is "connected" with the Commission. There is in an affidavit a showing of a letter dated July 6, 1946, and signed by "Ralph E. Boomer, Sec'y." to the defendant Schultz referring to a rule of the Commission. Accordingly, we find that

defendant Boomer is secretary of the Commission. Supporting that conclusion is a statement in plaintiff's brief here that Boomer "as secretary of the racing commission" was doing certain things.

It appears that the defendant Schultz is secretary of the Nebraska State Board of Agriculture, and defendant Royce an employee of that Board, his employment having been terminated before the trial of this cause. Defendants Janning and Boink were employees of the State Racing Commission and their employment likewise terminated.

It appears that the Nebraska State Board of Agriculture conducts the State Fair on the grounds located near Lincoln; that said Board is licensed by the Nebraska State Racing Commission to conduct race meets, subject to the law and the rules and regulations of the Commission adopted pursuant thereto. One of the rules of the Commission is that "Two men, who will be selected by and act as police officers under the direction of the Nebraska State Racing Commission, shall be employed by Racing Associations conducting meeting within the State of Nebraska." Two officers were so selected to police the racing meet held at the fair grounds in August 1946.

Plaintiff Neff is a resident, citizen, taxpayer, and inhabitant of Lancaster County, Nebraska. It appears from the records of the municipal court of Lincoln, Lancaster County, Nebraska, that in the period from December 20, 1933, to June 16, 1943, he was charged in that court on three occasions with being "Inmate Dis. House" (one of the charges is shown to have been appealed and its disposition not shown); one finding of "Keep Gambling Room"; two findings of "Operate betting place"; one finding of "Operate place bet on horseraces"; and one of "Operate betting service." In each instance a fine and costs were assessed.

On August 13, 1946, races were being held at the fair grounds. It appears that plaintiff had secured

entrance to the fair grounds without difficulty, at least he swears he presented himself at the entrance of the stadium where races were being held, after having purchased a ticket of admission, and that Janning and Boink forcibly removed him from the entrance and told him he could not enter the stadium to view the horse races.

On August 15, 1946, plaintiff states he again purchased an admission ticket and again Janning and Boink informed him they would not let him enter the stadium to view the races; that Royce told him he could not enter, at the direction and order of defendant Boomer, who was standing within several feet of Royce; that Royce refused him admission; and that Schultz told him to go to the ticket window and get his money refunded. The above recital is gleaned from plaintiff's affidavit made August 26, 1946. In his amended petition executed some months later, plaintiff states that on August 13 he was taken by the arms and body and forcibly taken from the entrance gate and violently ejected from the racing grounds by defendant Boomer; that on August 15, he was forcibly prevented from entering the stadium by the defendants, and the defendant Boomer announced that he was an undesirable character and would be ejected if he attempted further to gain entrance; and that thereafter defendant Boomer refused him entrance. These statements stand denied by defendant Boomer through his general denial and a specific affirmative statement that at no time did he talk with the plaintiff, and at no time stated that the plaintiff would be barred from any racing meets. Supporting defendant Boomer is the statement in the affidavit of Schultz that the two officers selected by and acting under the directions of the Commission, as per the resolution above quoted, excluded the plaintiff from the grounds.

Our conclusion on the fact question then is that acts done on August 13 and 15, about which plaintiff com-

plains, were done by the officers Janning and Boink, who were employees of the Board of Agriculture, under direction of the Nebraska State Racing Commission.

Plaintiff by his amended petition alleges that similar races and entertainment will hereafter be held at the fair grounds and that defendants (now defendant), unless restrained, will prevent plaintiff from attending said races and entertainment in the future. He prays that defendant, as an individual and an officer, be enjoined from refusing him admission to the fair grounds and races, from molesting him, from discriminating against him, from denying him the same privileges accorded to other citizens, and from repeating any of the acts therein alleged.

The secretary of the Commission is an employee of the Commission subject to the performance of certain statutory duties and such other duties as the Commission prescribes. § 2-1202, R. S. 1943.

We find no showing in this record that defendant Boomer as an individual proposes to do any of the acts in the future about which plaintiff complains. Likewise, there is no showing whatever that the Commission has prescribed that he do any acts in his official capacity that in anywise would be violative of plaintiff's alleged rights.

Plaintiff contends that the events that occurred in 1946 were an invasion of his civil rights as provided by section 20-101, R. S. 1943. It is obvious that the events that occurred in 1946 cannot now be prevented by injunction. Plaintiff alleges that unless restrained these defendants (now defendant) will further violate his alleged rights. However, it is not shown that the defendant has either the purpose or the power to do the things about which plaintiff is apprehensive. As a general rule injunction will not issue upon mere apprehension of the possibility of an invasion of rights. 43 C. J. S., Injunctions, § 21, p. 436; 28 Am. Jur., Injunctions,

§ 30, p. 223. We see no basis for granting the injunctive order which plaintiff seeks.

Accordingly, the judgment of the district court is reversed and the cause dismissed.

REVERSED AND DISMISSED.