Zimmerman, J.
 

 The defendants advance a number of arguments why the judgment of the Court of Appeals is wrong and should be reversed. First engaging our attention is the important question whether the Court of Appeals was correct in deciding that under the allegations and plain implications of the amended petition a proper and recognizable class suit is presented.
 

 Such amended petition is long and involved, covering some 62 pages of the printed record. Plaintiff purports to represent himself and approximately 700,-000 individuals and corporations in a large number of Ohio localities, who were, between the years 1929 to 1939, inclusive, consumers of gas furnished by and purchased from the defendants The Ohio Fuel Gas Company and other companies now consolidated with such company, all of which were and are wholly owned subsidiaries of the Columbia Gas
 
 &
 
 Electric Corporation.
 

 The gravamen of the complaint is that during the years mentioned, certain of the defendants, as conspirators, cheated and defrauded Ohio gas consumers by secretly diluting natural gas delivered to such consumers with an inexpensive, manufactured, inert gas, thereby substantially increasing rates throughout the entire area involved without notice to or'consent of the consumers or the Public Utilities Commission, and
 
 *420
 
 with the result that such consumers were overcharged.
 

 In the prayer of the amended petition, injunctive relief is sought to prohibit the billing of customers for diluted gas until proper charges for the commodity furnished have been determined by competent authority and to forbid the placing of a diluent or inert gas in the natural gas distributed — matters initially within the province and control of the Public Utilities Commission.
 

 The prayer then, among other things, is for a finding as to the aggregate amount of damages sustained by plaintiff and all others on whose behalf the action is brought; that a master be appointed “who shall require each and every of the defendants to account for and turn into the custody of this court all the funds which he or it received at any time by reason of said cheat”; that a trust be impressed on certain assets of the corporate defendants to the extent of the amount which each received as a result of the conspiracy to cheat by the sale of inert gas; and that the court enter judgment in favor of the gas consumers and against the public utility defendants for'triple the amount of the actual damages found to have been sustained.
 

 There are three General Code sections relating to class suits, which should be considered together in disposing of the question whether the amended petition presents a cognizable class suit.
 

 Section 11254, provides:
 

 “All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs except as otherwise provided.”
 

 Section 11256, reads, in part:
 

 “Parties who are united in interest must be joined, as plaintiffs or defendants.”
 

 Section 11257, recites:
 

 
 *421
 
 “When the question is one of a common or general interest of many persons, or the parties are very numerous, and is impracticable to bring them all before the court, one or more may sue or defend fo,r the benefit of all.”
 

 Under the statutes quoted, for one to properly institute an action for the benefit of himself and others, there must be a community of interest plus a right of recovery based upon the same essential facts, and all those on whose behalf the suit is filed must have an interest common or identical with that of the person in whose name the action is brought.
 
 Trustees of Jackson Twp.
 
 v.
 
 Thoman,
 
 51 Ohio St., 285, 37 N. E., 523;
 
 Duncan
 
 v.
 
 Willis,
 
 51 Ohio St., 433, 38 N. E., 13;
 
 Stevens
 
 v.
 
 Cincinnati Times-Star Co.,
 
 72 Ohio St., 112, 73 N. E., 1058, 106 Am. St. Rep., 586; 30 Ohio Jurisprudence, 741, Section 28.
 

 In the later cases of
 
 Haggerty
 
 v.
 
 Squire, Supt. of Banks,
 
 137 Ohio St., 207, 28 N. E. (2d), 554, and
 
 Wheatley, Trustee,
 
 v.
 
 A. I. Root Co.,
 
 147 Ohio St., 127, 69 N. E. (2d), 187, wherein the propriety of class suits was recognized and wherein the relief sought was primarily of an equitable nature, this court adhered to the rule that in order to prosecute a class suit, the claims asserted must
 
 ‘ ‘
 
 arise from a common source and represent a like interest.”
 

 It will be noticed that in-both the
 
 Haggerty
 
 and
 
 Wheatley eases
 
 the respective plaintiffs and those they undertook to represent were affected in a similar manner and under like conditions and that the character of the relief which each member of the class represented might obtain was confined to what was asked for in the petitions.
 

 In the
 
 Wheatley case
 
 “the record shows that the parties, themselves, by stipulation in the Court of Common Pleas divided the preferred shareholders in
 
 *422
 
 to classes in accordance with the attitude of each as to consent, acquiesence or opposition in connection with the recapitalization [of the A. I. Root Company] . ’ ’
 

 With the above principles in mind, let us turn to the-instant case. Here, the primary object of the action is the recovery of money in the form of damages for all those who were allegedly defrauded by the claimed, deceitful practices of the defendants during a specified number of years. The total damages sought would be arrived at by combining the amounts found due-each affected gas consumer, and such amounts would depend upon the peculiar facts surrounding the particular person or to the facts which pertained to a group similarly affected in a particular area. The relief of an equitable character prayed for is secondary and ancillary. There is no charge or allegation that any of the defendants is insolvent or verging on insolvency, or that any judgment which might be recovered would not be collectible. Compare
 
 Complete Building Show Co.
 
 v.
 
 Albertson,
 
 99 Ohio St., 11, 121 N. E., 817, and
 
 Wall
 
 v.
 
 Dayton Federation Co.,
 
 121 Ohio St., 334, 168 N. E., 847.
 

 Plaintiff herein purports to represent, in the recovery of “overcharges,” some 700,000 gas consumers scattered throughout many of the counties of Ohio, who over different periods of time paid different rates or charges for their gas purchases, under different franchises, contracts, ordinances and rate schedules, and varying provisions covering service. Surely, any right to damages on behalf of this multitude of persons would depend upon proof that the amounts collected did constitute “overcharges” in the light of the rates charged for the gas delivered, and that such alleged “overcharges” were collected through fraud and deceit. So far as we can ascertain, no claim is
 
 *423
 
 made that in any instance the gas delivered to con•sumers possessed a heat value of less than the number of British Thermal Units specified in the particular franchises, contracts or ordinances, under which the gas was furnished.
 

 Because of the diverse conditions and circumstances referred to, it cannot be said that there is a community of interest plus a right of recovery based on the same essential facts between plaintiff and those he assumes to represent, or that plaintiff is acting pursuant to the wishes and desires of all such persons. Some of these persons .might not wish to sue at all; others might wish to sue for breach of contract, in which event the only proper defendants would be the utilities with which such persons had contractual relations; still others might wish to sue for restitution, in which event the defendants would be those which had received the alleged excessive collections; and others, like the plaintiff, might wish to sue all the alleged “conspirators” for the recovery of damages.
 

 In our opinion, therefore, the amended petition does not support a class suit. As has been observed, there is no community of interest among those comprising the “class,” with a right of recovery based on the same essential facts. And it is likewise apparent that all those whom plaintiff undertakes to represent do not have a common or identical interest with him or that they are in accord with what he seeks.
 

 As we view the matter, then, the General Code sections'pertaining to class suits, as interpreted and applied by this court, do not authorize the present action, 'embracing so many persons whose right to any redress depends upon such a variety of factors and conditions —factors and conditions which in one locality and as to one group of persons differ materially from those •existing in other localities and as to other groups. To
 
 *424
 
 hold otherwise would extend the statutes beyond their manifest purpose and intent and would result in judicial legislation. Moreover, we are convinced that the allegations of “conspiracy” in the amended petition operate in no way to bring the case within the contemplation of the statutes.
 

 In regard to the general aspects of the subject, the following statement, based upon an analysis of numerous cases, is made in 114 A. L. R., 1019, annotation:
 

 “Thus far, neither under existing codes nor under general rules of law, has a representative action to recover damages for similar frauds practiced on numerous persons been upheld. In general, the objections to such suits seem to be the same as those applying to representative suits to rescind for fraud; namely, that the demands of the various defrauded parties are not only legally distinct, hut each depends upon its own facts, and that a material difference in facts may exist. Furthermore, a choice of remedies is ordinarily presented, and the plaintiff cannot know that other persons similarly situated will not elect to affirm the fraudulent transaction.” See, also, 24 American Jurisprudence, 71, Section 242.
 

 Another infirmity exists which renders the amended petition subject to rejection. In Ohio, the rule was laid down long ago that in a class suit the rights of the class on behalf of which the suit is instituted can rise no higher than those of the plaintiff. Quinlan,
 
 Aud.,
 
 v.
 
 Myers,
 
 29 Ohio St., 500.
 

 It appears that the total claim of Davies, a gas consumer in the city of Columbus, on the strength of which he brings the suit, is less than $100. This being so, the amount involved would not be sufficient to confer original jurisdiction on the Court of Common Pleas. Section 11215, General Code; 11 Ohio Jurisprudence, 677, Section 36. And in an action of this
 
 *425
 
 type, where the damages recoverable would be ascertainable by combining the individual losses of those comprising the ‘ ‘ class, ’ ’ the total claims of the ‘ ‘ class ’ ’ may not be aggregated to supply the necessary jurisdictional amount. See
 
 Hackner
 
 v.
 
 Guaranty Trust Co. of N. Y.
 
 (C. C. A. 2), 117 F. (2d), 95, certiorari denied, 313 U. S., 559, 85 L. Ed., 1520, 61 S. Ct., 835.
 

 In addition, under orders issued, adjustments made and rates determined by the Public Utilities Commission and affecting gas consumers in the city of Columbus and covering the years mentioned in the amended petition, some of them pursuant to the judgments of this court, it is extremely doubtful whether the plaintiff has sustained any loss or damage which would support his action. See
 
 Ohio Fuel Gas Co.
 
 v.
 
 Public Utilities Commission,
 
 138 Ohio St., 483, 35 N. E. (2d), 829, and
 
 Ohio Fuel Gas Co.
 
 v.
 
 Public Utilities Commission,
 
 139 Ohio St., 581, 41 N. E. (2d), 389.
 

 For the reasons given, particularly those relating to the impropriety of a class suit under the conditions and circumstances disclosed and implied by the amended petition, the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Hart, Stewart and Taft, JJ., concur.
 

 Turner, J., not participating.