**STATE, ex rel. 'STEVENS, etc., Relator, v. INDUSTRIAL COMMISSION OF OHIO et, Respondents.**

Ohio Appeals, Second District, Franklin County.

No. 5387. Decided November 4, 1955.

R. Brooke Alloway, James F. DeLeone, Columbus, for relator.

Hon. C. William O'Neill, Atty. Genl., Paul Tague, Jr., Asst. Atty. Genl., Columbus, for respondents.

(FESS, J, of the Sixth District; NICHOLS, PJ, and GRIFFITH, J, of the Seventh District, sitting by designation in the Second District.)

### OPINION

By FESS, J.

Relator brings his action in mandamus against the Industrial Commission on behalf of himself and some sixteen hundred other claimants similarly situated. Relator alleges in part that his claim for additional compensation was dismissed on August 13, 1954; that an application for rehearing was granted on February 21, 1955, and that on April 22, 1955, a hearing was held and a portion of the evidence submitted on behalf of relator was reduced to writing.

Relator further alleges that the procedural sections of the Workmen's Compensation Act were amended effective October 5, 1955, and that pursuant thereto the respondent has disbanded its rehearing section, has ceased to hold hearings pursuant to former §4123.51 R. C.. and has failed and refused to set relator's claim for further hearing and to permit him to offer further testimony on behalf of his claim under the provisions of such section, and has caused his claim to be considered as pending on appeal before respondent under §4123.516 R. C.

Relator further says that his cause of action accrued under §4123.51 R. C., and was commenced prior to October 5, 1955, and that by respondent's failure to provide facilities, set the claim for further hearing and refusal to permit relator to complete the testimony in behalf of his claim under said section, substantial rights accruing to relator have been impaired, and relator has been deprived of his property without due process of law in violation of the Constitutions of the United States and of Ohio; that relator has no adequate remedy at law and the action of the respondent constitutes a gross abuse of discretion and error of law.

Relator prays that a peremptory writ of mandamus issue requiring respondents to hear and determine relator's claim under former §4123.51 R. C., and commanding them to cease and desist hearing relator's claim under §§4123.512 to 4123.519 R. C., inclusive, or if said writ be refused, an alternative writ of mandamus issue commanding respondents so to do or to show cause why they should not so do, and for such other and further relief as may be just and proper.

Relator also makes application (supported by affidavit) for himself and the class he represents for an order ancillary to the permanent relief sought in his petition, commanding respondents to cease and desist holding hearings in relator's case and all others of his class, pursuant to §§4123.512 to 4123.519 R. C., until the constitutionality of the statutes is finally determined.

Two questions arise upon the application for an alternative writ and ancillary injunctive relief.

1. Although the interests of the class whom relator seeks to represent are analogous in so far as the procedure adopted by the Commission is concerned, it is obvious that they have several and distinct interests arising under differing circumstances. Inasmuch as the claims of many may be more speedily allowed under the new procedure, such claimants do not have a community of interest in the subject of the action or the relief sought. **Davies v. Columbia Gas & Electric Co., 151 Oh St 417; Colbert v. Coney Island, Inc., 97 Oh Ap 311.** The relief sought for and on behalf of the class must therefore be denied.

2. A writ of mandamus compels action or commands the performance of a duty, while a decree of injunction ordinarily restrains or forbids the performance of an act. **State, ex rel. Smith v. Industrial Commission, 139 Oh St 303.** And a proceeding in mandamus, wherein an order is sought directing the Industrial Commission to cease disbursing certain funds, is essentially one in injunction and not mandamus, and is not within the jurisdiction of the Court of Appeals Cf. State, ex rel. Smith v. Industrial Commission, supra. It is conceivable that in a proper case, ancillary injunctive relief may be had incident to the determination of issues arising under extraordinary remedies, in order to maintain matters in statu quo. Cf. **State, ex rel. Ellis v. Board, 70 Oh St 341.** In our opinion the only distinction between the instant case and the Smith case is that the amended petition herein incidentally seeks injunctive relief, but proceeds in the main upon mandamus and a separate application for ancillary relief by way of injunction is made. Upon the amended petition and application, the primary relief sought is in-

junctive,—to require the Commission to cease and desist hearing claims under the mandate of the amended sections. That portion of the amended petition seeking injunctive relief is therefore denied and the application for ancillary injunctive relief is overruled.

3. An order may be entered upon the amended petition requiring the respondents to proceed to hear relator's claim pursuant to the provisions of §4123.51 R. C., or to show cause why they have not done so, on a day to be fixed in said order agreeable to the Court and counsel for the respective parties.

NICHOLS, PJ, GRIFFITH, J, concur.