Zimmerman, J.
As disclosed by the record, the facts are that plaintiff and those he assumes to represent belonged to a labor union which on October 17, 1951, as sole bargaining agent for its members who were defendant’s employees, entered into an agreement with defendant, which contained the clause:
“Pending settlement of any grievance there shall be no strike, lockout or cessation of work on the part of either of the parties to this agreement.”
On March 10, 1952, defendant and the union executed an amendment to the original agreement, whereby both the original agreement and the amendment became conditionally operative until June 30, 1953. Under the provisions of such amendment defendant and the union petitioned the federal Wage Stabilization Board, as was then required, to authorize defendant to increase the wages of its employees by 10 per cent, retroactive to January 1, 1952.
On March 27, 1952, plaintiff and other of defendant’s employees walked out of defendant’s plant on strike, and plaintiff never returned to work for defendant. On April 1, 1952, the Wage Stabilization Board approved the wage increase as requested, and on the following day some of the employees whom plaintiff purports to represent resumed their employment with defendant. On April 3, 1952, these employees and others again went out on strike.
On May 6, 1952, defendant sued the union for breach'of contract in the United States District Court, and on May 19 a number of defendant’s employees came back to work, but not plaintiff or any of those he assumes to represent in the present action.
On May 20, 1952, a settlement was effected, the action in the federal court was dismissed, and nine days later defendant paid its employees the retroactive wage increase, excepting those who failed to resume work on May 19, 1952.
The record discloses further that plaintiff and those he purports to represent were engaged in different kinds of work and at different hourly wage rates, and that no two of them, if entitled to recover at all, are entitled to identical amounts.
Upon the facts narrated, at least a majority of the members of this court entertain the view that this class action is not *491 maintainable under the principle of law enunciated in the fourth paragraph of the syllabus of the case of Masetta v. National Bronze & Aluminum Foundry Co., 159 Ohio St., 306, 112 N. E. (2d), 15, and that the case can be decided on that basis. Such fourth paragraph reads as follows:
“Employees who claim to have been discharged by their common employer in violation of a labor agreement, negotiated with their employer in their behalf by a labor union, can not be joined as plaintiffs under Section 11257, General Code, or be made plaintiffs under the rule of virtual representation, in an action against such employer for damages resulting to each from such discharge, where the damages suffered by such employees vary because of differences in rights of seniority, rates of pay, rights to vacation pay, overtime, premium time or other incidents of their employment.”
However, all the members of this court agree that plaintiff does not occupy a position which gives him the capacity and right to successfully maintain this class action. No matter on what theory predicated, plaintiff as a union member was represented by his union in the agreements made between it and defendant and was bound by their terms. Under the agreement of October 17, 1951, it was expressly stipulated that “pending-settlement of any grievance, there shall be no strike.” Plaintiff breached the agreement by striking on March 27, 1952, before the retroactive wage increase was authorized and granted and at a time when it was prospective and uncertain. This deliberate and willful conduct on his part operated as a forfeiture of the additional pay to which he might otherwise have been entitled.
The rule is well established that in a class suit the rights of the class for whose benefit the suit is instituted can rise no higher than those of the plaintiff.' Davies v. Columbia Gas & Electric Corp., 151 Ohio St., 417, 86 N. E. (2d), 603, and State v. Laramie Rivers Co., 59 Wyo., 9, 28, 136 P. (2d), 487, 492.
In the case of Quinlan, Aud., v. Myers, 29 Ohio St., 500, 510, it is said:
“ * * * if the party named as plaintiff, who sues in behalf of himself and others, fails in his suit, those whom he représents must also fail, for the rights of those represented can not rise higher than those of the party named as plaintiff.”
*492 Or, as the proposition is stated in Lucking v. United States, 102 Court of Claims Rep., 233, 239:
“If one is, himself, not entitled to recover anything, he can not, of course, conduct in his name a litigation for others, even if those others have rights which they as individuals could litigate, or which one or more members of the class of those who have rights could litigate for all of them.”
The judgment of the Court of Appeals is reversed and final judgment is rendered for defendant.

Judgment reversed.

Weygandt, C. J., Matthias, Hart, Stewart, Bell and Taft, JJ., concur.