RISMAN ET, PLAINTIFFS-APPELLEES, *v.* VAN SWERINGEN COMPANY ET, DEFENDANTS-APPELLANTS.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25430. Decided January 11, 1962.

364

*Messrs. Davies, Eshner, Johnson & Miller,* for plaintiffs-appellees.

*Messrs. Baskin, Kelley, Lausche & Heavilin,* for defendants-appellants.

(GUERNSEY, J., of the Third District, HUNSICKER and DOYLE, JJ., of the Ninth District, sitting by designation in the Eighth District.)

GUERNSEY, J. This action was initiated in the Common Pleas Court of Cuyahoga County by plaintiffs, Risman, Busch and Merlin, as a class action in behalf of the named plaintiffs and "numerous other property owners in the Village of Beachwood similarly situated."

Plaintiff Risman is the owner of Sublot No. 822 in a re-allotment of The Van Sweringen Co.'s Shaker Country Estates Subdivision No. 33, of part of Original Warrensville Township Lot No. 30; plaintiff Busch is the owner of Sublot No. 1 in Hendon Road Subdivision of part of Original Warrensville Township Lot No. 30; and plaintiff Merlin, and one Doris Merlin, are the owners of Sublot No. 500 in The Van Sweringen Company's Subdivision No. 45 of part of Original Warrensville Township Lots Nos. 38 and 39. Defendant Visconsi is the owner of two parts of Original Warrensville Township Lot No. 40, said two parts containing together 30.66 acres, more or less, and defendant Levin is the owner of another, and adjoining, part of Original Warrensville Township Lot No. 40. All of these properties are located in the Village of Beachwood.

Shaker Boulevard, which runs in an east and west direction, consists of a South Roadway separated by about four hundred feet from a North Roadway. Richmond Road runs in a north and south direction and intersects at approximately right angles with the two roadways of Shaker Boulevard. Lot 29 of the

original Warrensville Township Lots lies in the northwest quadrant of the intersection of the approximate centerline of Richmond Road with the approximate south line of the north roadway of Shaker Boulevard. Lot 30 lies in the northeast quadrant, Lot 39 lies in the southwest quadrant, and Lot 40 lies in the southeast quadrant thereof. The Risman and Busch properties lie north of the North Roadway and east of Richmond road; the Merlin property lies south of the South Roadway and west of Richmond road; and the properties of defendants Visconsi and Levin lie together and constitute the southwest corner of intersection of the South Roadway and Richmond Road.

All of the property now owned by the individual parties to this action had at one time been owned by the defendant, The Van Sweringen Company, hereinafter referred to as the Company, a corporation formerly engaged in the purchase, development and sale of real estate, although there is no evidence as to whether the Company acquired, or held, all of this property at the same time or as to the order in which it was purchased or sold by the Company. No restrictions were imposed on any of these properties by incorporation in any plats thereof.

Restrictions were purportedly imposed on the Risman property and about 101 other sublots in Company Subdivision 33 of Warrensville Township Lot No. 30 by an instrument filed for record on July 15, 1947, and recorded in Volume 6298, page 199, et seq., of the Cuyahoga County Records of Deeds (plaintiffs' exhibit 2). These restrictions were thereafter modified by an instrument filed for record on August 31, 1950, and recorded in Volume 7065, page 193, et seq., of the Cuyahoga County Records of Deeds (defendants' exhibit Y), to permit the construction of 1½ story houses.

Neither the pleadings nor the record show the restrictions specifically applicable to the Busch property, unless the Hendon Road Subdivision is a re-subdivision or reallotment of some of the lots described in plaintiffs' exhibit 2.

Restrictions were purportedly imposed on the Merlin property by provisions of a deed from The Van Sweringen Company to The Cleveland Trust Company, Trustee, dated November 28, 1939, and filed for record February 28, 1940, and recorded in Volume 5056, at page 176, et seq., of the Cuyahoga

County Records of Deeds (plaintiffs' exhibit 6-A to 6-G). The properties therein described, including approximately 143 sublots and parts of 22 other sublots, all in Van Sweringen Subdivision 45, and including four parcels described by metes and bounds, are all part of Original Warrensville Township Lot No. 39. These restrictions were modified by an instrument dated October 26, 1949, filed for record October 31, 1949, and recorded in Vol. 6850, page 117, of the Cuyahoga County Records of Deeds (defendants' exhibit T), to permit the construction of 1½ story houses on certain of the premises including the Merlin lot.

Restrictions were purportedly imposed on the Levin property by provisions of an instrument, without date, filed for record July 15, 1947, and recorded in Volume 6298, at page 180, et seq. of the Cuyahoga County Records of Deeds (plaintiffs' exhibit 1). This instrument described, in addition to the Levin property, fifteen other items of property being parts of Original Warrensville Township Lots 18, 19, 29, 40, 47, 48, 49, part of Van Sweringen Subdivision 45 in Lot 39, part of Van Sweringen Subdivision 32 in Lot 48, part of Van Sweringen Subdivision 38 in Lots 40 and 50, and describes that part of Original Warrensville Township Lots 30 and 40 lying between the south line of the North Roadway and the north line of the South Roadway of Shaker Boulevard east of the center line of Richmond Road. The restrictions on this last tract of land were *cancelled* thereafter by instrument dated April 14, 1953, filed for record April 30, 1953, and recorded in Volume 7809, page 101, et seq., of the Cuyahoga County Records of Deeds (defendants' exhibit R).

Restrictions were purportedly imposed on 29.16 acres of the Visconsi property by a quit claim deed from The Van Sweringen Company to Joseph A. Marous, Jr., et al., dated April 20, 1943, filed for record April 27, 1943, and recorded in Volume 5600, page 63, et seq., of the Cuyahoga County Records of Deeds (plaintiffs' exhibit 3). The Visconsi property (29.16 acres) was described by metes and bounds and the deed did not convey any other land nor purport to place restrictions on any other land. The record is not clear as to the imposition or nonimposition of restrictions on the remaining 1.50 acres of the Visconsi property, although such land may be included within

certain of the metes and bounds descriptions of parts of Lot 40 contained in plaintiffs' exhibit 1 applicable to the Levin property. For such reason this 1.50 acres was excluded from consideration of the trial court and will not be considered by this court.

The restrictive covenants contained in each of the aforementioned instruments were essentially identical, except for minor variations as to the size of the house permitted to be constructed, as to setback lines, and as to major differences hereinafter parenthetically noted. The following provisions, which we deem pertinent to this appeal, were included in the Risman instrument:

"13. The Van Sweringen Company reserves unto itself the right in case of any violation or breach of any of the restrictions, rights, reservations, limitations, agreements, covenants and conditions in this instrument contained, *to enforce same by appropriate legal action* or to enter the property, upon or as to which such violation or breach exists, and to summarily abate and remove, at the expense of the owner thereof, any erection, thing or condition that may be or exist thereon contrary to the intent and meaning of the provisions hereof as interpreted by The Van Sweringen Company, and The Van Sweringen Company shall not, by reason thereof, be deemed guilty of any manner of trespass for such entry, abatement or removal. A failure of The Van Sweringen Company to enforce any of the restrictions, rights, reservations, limitations, agreements, covenants and conditions contained in this instrument shall in no event be construed, taken or held to be a waiver thereof or acquiescence in or consent to any further or succeeding breach or violation thereof and The Van Sweringen Company shall at any and all times have the right to enforce the same." (The emphasized portion of this provision was omitted from the instruments pertaining to the Merlin and Visconsi properties.)

\* \* \*

"16. The restrictions imposed by this instrument upon the use of the premises herein described shall not be held to prevent the use of adjoining and adjacent lands by The Van Sweringen Company, or its successors or assigns, for such other purposes or in such other manner as will not, in its judgment, adversely

affect the premises herein described, to a material degree, and such use of such other lands shall not be held as relieving the Owner hereunder from the restrictions imposed upon the premises herein described.

"17. The Van Sweringen Company reserves the right to waive, change or cancel any and all of the restrictions contained in this instrument or in any other instrument given by The Van Sweringen Company in respect to lots or parcels within The Van Sweringen Company's Subdivision, if, in its judgment, the development or lack of development warrants the same, or if, in its judgment, the ends and purposes of said Subdivision would be better served, provided, however, before any such waiver, change or cancellation of any or all of the above restrictions contained in this instrument be effective, the approval of such waiver, change or cancellation of the Council of the Village of Beachwood, shall first have been obtained." (The last provision of this paragraph was not contained in the instruments pertaining to the Merlin and Visconsi properties. In the instrument pertaining to the Levin property the reservation pertained "to lots or parcels within The Van Sweringen Company's Subdivisions, or elsewhere." In the instrument pertaining to the Visconsi property there appears a proviso that no change may be made in the restrictions which will be more burdensome than those set forth in the instrument.)

"18. The herein enumerated restrictions, rights, reservations, limitations, agreements, covenants and conditions shall be deemed as covenants and not as conditions hereof, and shall run with the land and shall bind the owner until the first day of May, 2026, in any event, * * *."

Defendants Visconsi and Levin propose to construct a shopping center on their properties, but there is neither any claim nor any evidence that they propose to construct a shopping center without first obtaining a change of restrictions by the Company. It is undisputed that at the time this cause was heard in the trial court they had obtained the approval of the Planning and Zoning Commission of the Village of Beachwood for the rezoning of their property to permit the construction and operation of a shopping center thereon but that the Council of the Village had not finally acted thereon to accomplish such rezoning. It is also undisputed that following negotiations made

in their behalf with the board of directors of the Company, the directors by an affirmative vote of two to one, adopted on January 13, 1960, a resolution providing "that if and when the authorized officials of the Village of Beachwood change the zoning classification of the property situated between the South Roadway of Shaker Blvd. South Woodland Rd. Richmond Rd. and the Freeway to commercial use, The Van Sweringen Company will change the deed restrictions to conform."

For a period of more than thirty-five years the Company had been engaged in the development and sale of an exceptionally high class residential area in the City of Shaker Heights and the municipalities of Beachwood, Pepper Pike and Hunting Valley, but no longer owns any property for development and sale, and its operations now consist of exercising the rights and performing the duties contemplated by the restrictive covenants. Most, if not all, of the lands formerly owned and subsequently sold by the Company were sold subject to restrictions, but the record does not show the restrictions applicable to each and all of the lands so sold, nor does it show the restrictions applicable to each and all of the lands located in the Village of Beachwood. Plaintiffs' exhibit 2 recites that the Company had restricted certain parcels of land located in its subdivision No. 33 and desired "to impose the same and reserve *additional* restrictions * * * on the lots hereinafter described." (Emphasis added.) Plaintiffs' exhibit 1 recites that the Company had restricted certain lots located in the Company's subdivisions, resubdivisions, and reallotments of subdivisions and parts of certain unsubdivided lands and that it desired "to impose the same and reserve *additional* restrictions * * * on the lots, parts of lots, blocks and parcels of land hereinafter described." (Emphasis added.)

Considerable evidence was introduced by both plaintiffs and defendants, largely irrelevant to the issues herein involved, as we conceive them to be, as to the manner in which the lands formerly owned by the Company are now actually occupied and used, as to the location and character of operation of other shopping centers, as to existing and anticipated vehicular traffic, as to possible location of a freeway east of the land in question, as to reduction in value of residential properties in Beach-

wood which might occur by reason of the existence of the proposed shopping center, as to the need for additional tax base by the Village, as to rezoning of other lands, etc.

Plaintiffs prayed for a declaratory judgment declaring that any release of restrictions on defendants land by the Company would be illegal and void and contrary to "the general and uniform plan of restrictions," and declaring that the changes proposed by defendants Visconsi and Levin are in violation of the restrictions. They also prayed that the Company be restrained from waiving or releasing the restrictions, that the individual defendants be restrained from effecting changes in the restrictions, that the County Recorder be restrained from accepting for file any release of restrictions, and that all of the defendants be enjoined from performing any act, etc., to waive, release or change said restrictions or to build any structures on the Levin and Visconsi properties other than single private residences.

The trial court denied injunctive relief, but adjudged that the plaintiffs were entitled to a declaration of rights and declared that in the restrictions applicable to the lands of the defendants Levin and Visconsi the Company had reserved the right to waive, change or cancel the restrictions; that before doing so with respect to the Visconsi land the "Company must find either that the development or lack of development of all lands, sublots or parcels of land formerly owned by the said Company warrant such waiver, change or cancellation of said restrictions, or that such waiver, change or cancellation is necessary or advisable to the proper development of all the lands formerly owned by the said Company," that before doing so with respect to the Levin land the Company must determine "that either the development or lack of development of all the lots and parcels of land within the Van Sweringen Subdivisions warrant the proposed waiver, change or cancellation, or that the ends and purposes of said subdivisions would be better served by the changes," that, "in the case of the Levin lands, such proposed waiver, change or cancellation must be approved by the Council of the Village of Beachwood before becoming effective;" "that the impact of any proposed waiver, change or cancellation will vary as to individual parcels and lots, and comparisons should be made before a decision is reached; that

the fact that the Village of Beachwood may have changed the use classifications of the lands in question under its zoning ordinance does not relieve the defendant The Van Sweringen Company from a strict compliance with its duties as herein outlined since different standards apply to a change of zoning''; ''that any waiver, change or cancellation of restrictions should be made by The Van Sweringen Company only after a hearing has been held by said company, at which all interested persons are given an opportunity to be heard after a notice of such hearing has been given by said company by publication once in a newspaper of general circulation in the Village of Beachwood * * * not less than ten days before the date of hearing.''

Defendants, Visconsi and Levin, appealed from this judgment on questions of law and fact which appeal was thereafter reduced to an appeal on questions of law for the apparent reason that the denial of injunctive relief, which denial was in favor of the appellants, left no issue reviewable in this court de novo. No appeal was filed either by the plaintiffs or by defendant Company. Appellants claim error in ten particulars which may be summarized as follows:

1. Error in determining action triable as a class suit.

2. Error in determining plaintiffs entitled to declaratory judgment and in rendering same.

3. Error in finding a uniform plan of restrictions of which appellants had notice, that same was for benefit of property owners in Village of Beachwood, Village of Pepper Pike and City of Shaker Heights, that same was applicable to lands of plaintiffs and defendants, and that the restrictions of same were enforceable by the plaintiffs and other property owners of said municipalities against appellants.

4. Error in determining that restrictions were applicable to Levin land, and that instrument purporting to restrict same was recordable in deed records of Cuyahoga County, and as so recorded were constructive notice to appellant Levin and other property owners.

5. Error in declaring procedure to be followed by Company in connection with and before waiving, changing or releasing restrictions on Visconsi and Levin properties.

6. Error in admission and rejection of evidence.

7. Judgment not sustained by sufficient evidence and against weight of evidence.

8. Judgment contrary to law.

9. Other errors of record.

To properly institute a class action, the petition must disclose a common or identical interest between the plaintiffs and those they assume to represent with a right to recovery or redress based on the same essential facts, and the rights of the class can rise no higher than those of the plaintiffs. *Davies* v. *Columbia Gas & Electric Corp.*, 151 Ohio St., 417, 39 Ohio Opinions, 249. It is apparent that the plaintiffs' petition discloses issues of common or general interest of many persons and so long as the trial court considered members of the class as being the persons whose rights were based on the same essential facts as the plaintiffs and granted relief based only on the facts which would entitle plaintiffs to relief it did not commit error prejudicial to appellants. If plaintiffs could not themselves prevail then the action fails whether it be considered an individual action or a class action.

With respect to appellants' second through fifth assignments of error we are not, of course, directly concerned with the rights of the plaintiffs-appellees to obtain injunctive relief, since the ruling on this issue was in favor of the appellants. However, the right to obtain relief by way of declaratory judgment is statutory and the parties bringing the action must meet the statutory requirements. It appears that plaintiffs' capacity to obtain declaratory relief and the relief which the trial court may grant are founded principally on the pertinent provisions of Section 2721.03, Revised Code, which, at the time this action was brought, provided:

"*Any person interested under* a * * * written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a * * * contract, * * * may have determined any question of construction or validity arising under such instrument, * * * contract, * * * and obtain *a declaration of rights, status, or other legal relations* thereunder." (Emphasis added.)

Without considering whether or not the instruments herein involved were executed in proper manner and form to constitute valid and binding contracts, plaintiffs must base their right to

relief as parties to, successors to parties to, or third party beneficiaries of, the restrictive instruments applicable to their respective properties, the restrictive instruments applicable to the respective properties of the defendants-appellants, or as being entitled to equitable rights arising from a general plan of uniform restrictions imposed by all of these restrictive instruments. It would appear that if plaintiffs have no right to enforce restrictions against defendants, nor be entitled to enforce the procedure relating to the release change or waiver of the restrictions applicable to properties of defendants-appellants, then plaintiffs would not be entitled to any declaratory relief in such respect. Plaintiffs are property owners in three different subdivisions created at three different times and the defendants-appellants own land which has not been subdivided and which came to them at different times under different conveyances. In consideration of the terms of the restrictions hereinbefore quoted, which did not specifically give plaintiffs any rights of enforcement, the piece-meal application of restrictions to less than all of a subdivision, the recitals in some instruments that restrictions were being imposed *additional* to those already imposed on other properties in the same subdivision or other subdivisions, there is considerable doubt as to whether the plaintiffs-appellees have the capacity to enforce any restrictions pertaining to the properties of defendants-appellants. We have found no case in Ohio where the right of a property owner in one subdivision to enforce restrictions against a property owner outside of the subdivision has been specifically determined, although, on circumstances similar to those herein involved, there is considerable authority in other jurisdictions denying this right. *Russell Realty Co.* v. *Hall* (1921) (Tex. Civ. App.), 233 S. W., 996; *Myers Park Homes Co.* v. *Falls* (1922) (Sup. Ct., N. C.), 184 N. C., 426, 115 S. E., 184; *Gammons* v. *Kennett Park Development Corporation* (1948) (Sup. Ct., Dela.), 30 Dela. Ch., 525, 61 A. 2d, 391; *Meagher* v. *Appalachian Electric Power Co.* (1953) (Sup. Ct. of App., Va.), 195 Va., 138, 77 S. E. (2d), 461; *Craven County* v. *First-Citizens Bank & Trust Co.* (1953) (Sup. Ct., N. C.), 237 N. C., 502, 75 S. E. (2d), 620; and *Edwards* v. *Surratt* (1956) (Sup. Ct., N. C.), 90 S. E. (2d), 906.

However, we need not, and do not, rest our decision on the

rights of the plaintiffs-appellees to obtain declaratory relief, but prefer instead to consider and determine whether or not the declaration itself was in substance legally warranted. With reference to contracts, or covenants, a court may declare *rights, status, or other legal relations thereunder.* Section 2721.03, Revised Code. It is also uniformly held that a real controversy between adverse parties should exist which is justiciable in character and speedy relief is necessary to the preservation of rights that may be otherwise impaired or lost. *Radaszewski* v. *Keating,* 141 Ohio St., 489, 49 N. E. (2d), 167, and *Schaefer* v. *First Nat. Bank of Findlay,* 134 Ohio St., 511, 18 N. E. (2d), 263.

The prayer herein for declaratory relief was for the court to declare that any release of restrictions on defendants' land by the Company would be illegal and void, and to declare that the changes proposed by defendants-appellants are in violation of restrictions. The court could not make the first declaration because, under the provisions of the restrictive covenants the Company had the right under prescribed circumstances to release, change or waive the restrictions, and the court could not make the latter declaration because the defendants-appellants did not propose to make any changes except by the procedure set forth in and in accordance with the restrictive covenants. The court then proceeded to pass beyond the prayer of the petition to make the declarations contained in its judgment.

There being no contractual requirement under the restrictive covenants, and no requirement in law, that any change, waiver or release must be preceded by a hearing thereon after a notice of hearing given in a newspaper of general circulation, in our opinion the court's declaration to such effect was entirely and prejudicially erroneous.

The balance of its declarations pertained to the other procedure to be followed by the board of directors of the company in determining whether or not the restrictions should be changed, released or waived. Declaratory judgment proceedings usually pertain to substantive rights and cannot ordinarily be used to determine procedural rules for a court or administrative body. Under the circumstances of this case, except for the fact that the procedure herein involved may constitute a contractual duty of performance, it does not appear that there

is any good reason why this rule should not be extended to a private corporate board of directors. Sec. 40, Declaratory Judgments, 26 C. J. S., 122.

Independently, however, it appears that the resolution adopted on January 13, 1960, was merely a resolution of intent adopted by a vote of two to one, which neither constitutes action to release, waive, or change the restrictions, nor is binding as to future action. There is no evidence of any probative value that the council of the Village of Beachwood actually will adopt an ordinance rezoning the lands in question to permit the construction of a shopping center, that there is any application now pending for a release, change or waiver of the restrictions on the land of defendants-appellants before the board of directors of the company, that such an application will be determined at any particular time, now or in the foreseeable future, or that, if and when determined, the *then* board of directors will follow any procedure other than that prescribed by the provisions of the various restrictive covenants. Any other view of the evidence is merely speculative.

It therefore appears, and we are of the opinion, that a real controversy between adverse parties does not exist which is justiciable in character nor that speedy relief is necessary. We are of the opinion that the trial court exceeded its authority, discretionary or otherwise, in that part of its judgment relating to a declaration of procedure and that the declaration constituted error prejudicial to the defendants-appellants, for which, to such extent, the same must be reversed and vacated.

It not appearing that the defendants-appellants have argued the remaining assignments of error this court, exercising its statutory prerogative, does not further consider same.

We therefore determine that the judgment denying injunctive relief shall be affirmed. That part of the judgment which declares the rights of the plaintiffs (appellees) must be reversed. The judgment as entered by the trial court is therefore affirmed in part and reversed in part.

HUNSICKER, P. J., DOYLE, J., concur.