CLEVELAND SAVINGS SOCIETY, DISSOLUTION, IN RE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25927.   Decided June 7, 1962.

4

*Messrs. Baker, Hostetler & Patterson,* for appellants (The Cleveland Trust Company and Howard L. Barkdull as Executors of the Estate of Frederika B. Ferris).

*Messrs. Thompson, Hine & Flory,* for The Cleveland Savings Society (Appellee).

*Mr. William Patrick Clyne,* for Francis J. Talty, Guardian Ad Litem (Appellee).

*Mr. Henry W. Stark,* for Virginia M. Kirsch, a depositor (Appellee).

*Per Curiam.* This appeal comes to this court from a judgment of the Court of Common Pleas of Cuyahoga County ordering the dissolution of the Cleveland Savings Society and fixing the cut-off date upon which depositors of that date are to share in the surplus. The proceeding now before the court is a motion by the appellants seeking leave to dismiss the appeal and to continue the appeal in the name of other parties said to be of the same class.

All depositors of Society who withdrew their monies prior to December 31, 1958, can be said to have a community of interest in the attempt to set aside a judgment denying them the right to share in the surplus in the proceeding seeking dissolution of Cleveland Savings Society on the broad claim that their

monies helped create such surplus. However, apart from a general community of interest, their individual claims to or an interest in such surplus differ for the reason that many circumstances enter into the consideration of what part each person's deposit played in helping to create this surplus and their rights under the contract entered into when making the deposit. In order to determine their proportionate share, if any, the facts to be given consideration include among other things: date of deposit, date of withdrawal, amount of money on deposit at specific intervals of time, earnings of Society with respect to each such period of time, amount of money added to the surplus during each such period of time, etc. It is obvious, therefore, that essential facts of each depositor basically differ and it would be the purest of happenstance to find two or more persons whose deposits with Society factually would be so identical in nature and the right of recovery per unit of money deposited so similar as to constitute them a class in the juridical sense of the word. Since the interest of the "former depositors" is not identical in their basic nature, it cannot be said to represent the class in the sense that one of them can represent the interest of all who were denied the right to participate in the surplus. *Davies* v. *Columbia Gas & Electric Corp.*, 151 Ohio St., 417, *Colbert* v. *Coney Island, Inc.*, 97 Ohio App., 311, *State. ex rel.* v. *Industrial Comm.*, 102 Ohio App., 47.

It must also not be lost sight of that this "special proceeding" in the Court of Common Pleas was brought under the authority of Section 1702.50, Revised Code, and that every depositor was before the court for adjudication of his claim since each was given notice as provided for and directed by the trial court. No one litigant, who made an affirmative appearance in the case, can be said to be the representative of a class similarly situated. The appellants represented themselves and no one else. It is true that the court permitted appellants to speak up for a class generally constituting those who had withdrawn their deposits before the time the action seeking dissolution was brought. However, such procedure before the trial court was for the convenience of the court and was an expeditious way in which to present to the court whatever rights the former depositors had in the matter. Upon judgment entered

in the cause each such person who felt aggrieved by said judgment had the right, under the law, to bring an appeal to the Court of Appeals. It seems to us that in a situation where every person who conceivably may have an interest in a cause is technically before a court, no one person represents the other in the sense of a derivative action, and that each such person taking affirmative action in the proceedings represents his own personal interest in the cause.

In addition to our conclusion that in an action in which one of several depositors of the savings association, in the process of dissolution, by filing a claim seeking to establish a right to participate in the surplus to be distributed to depositors upon dissolution and who, by the order of the court, was denied such right because such deposits had been withdrawn prior to the "cut-off date" does not by pleading his claim become the representative of all other depositors thus denied the right to participate in the surplus, we must further conclude that the appellants' notice of appeal could not bring any other party (depositor) to the dissolution proceeding into the Court of Appeals as an appellant or to authorize such appellants to name a substitute to carry on the appeal because of a desire to dismiss their participation in the appeal. The filing of notice of appeal is the act by which a party who claims to be aggrieved by the judgment of the court from which the appeal is taken perfects his appeal. The filing of such notice entails the assumption of certain obligations and liabilities which can be enforced only against the appellant. Certainly there is no provision of law whereby one party to an action may determine by his own act that another party, even though he be similarly situated, must assume the obligations of an appellant, nor can a party who has not given a notice of appeal within the time provided by law be substituted for and carry on an appeal instituted by another where the party who filed such appeal desires, for his own purposes, to, and does dismiss such appellate proceeding. An appeal on questions of law is a proceeding separate and apart from that involved in a trial of the issues of fact in the trial court. The means by which jurisdiction to review a judgment entered by a trial court by an appellate court is conferred upon such court, is (under the provisions of Chapter 2505, Revised

8

Code), by giving a notice of appeal. A party who does not file a notice of appeal cannot intervene for the purpose of prosecuting such appeal. There is no statutory authority for such procedure.

In the case of *Colburn* v. *Spokane City Club*, 147 P. (2d), 504 (Supreme Court of Washington, April 1944), a derivative action was commenced by three stockholders of the Spokane City Club seeking the cancellation of an alleged invalid contract. A demurrer was sustained to the petition and the plaintiffs not desiring to plead further, judgment was entered for the defendants from which judgment an appeal was taken. One of the appellant stockholders died and her legal representative was substituted as a party appellant. Upon motion of the executrix, as an appellant, she was allowed to dismiss the appeal as to the estate. The remaining appellants filed a motion to dismiss their appeal. It was argued that since the action was a derivative action, filed by stockholders for the benefit of all stockholders, such appellants should not be permitted to withdraw their names as appellants or be dismissed from the appeal. The record shows that seven months after the appeal was taken another stockholder, one O. C. Moore, filed a motion in the appellate court for an order permitting him to enter his appearance as a party appellant in a representative capacity for and on behalf of himself and other stockholders. The court, on page 506 of the Pacific Report, states:

"The fact that this is a derivative action brought by three stockholders for the benefit of all stockholders similarly situated does not give to one for whose benefit the action has been brought the right to be substituted as appellant upon failure of the original plaintiffs to prosecute an appeal which they had effected. An application to be substituted as an appellant in a cause comes too late where the time in which to give the notice of appeal from the judgment in the cause has expired before the application for substitution is made."

In the case of *Harriet Armstrong-Taylor Christin et al* v. *John H. Watson, Jr., trustee* (unreported, Seventh District, Sept. 1958), the action was one seeking, by declaratory judgment, judicial interpretation of the provisions of a trust instrument. The Probate Court of Lake County had held in favor

of the petitioner and against several answering and cross-petitioning defendants. Some of such defendants, including heirs at law of the settlor, gave notice of appeal to the Court of Appeals on questions of law and fact. Others of the same class did not file or join in a notice of appeal. After the expiration of time for perfecting an appeal, the non appellants presented an oral motion to be made parties to the appeal by a formal document entitled "Entry of appearance on behalf of Defendants." The journal entry of the Court of Appeals, passing on these motions, held:

"This matter came on to be heard upon the 'Entry of Appearance (herein) in Behalf of Defendants' (defendants in the Probate Court) Violet Joy Tod, Nettie Stewart, Howard Oliver Huggard and William C. Smallbach, Jr., and upon the oral motion of said persons to be made parties to this Appeal, statements of counsel and brief, and the Court being fully informed in the premises finds that said persons failed to appeal and are not now appellants in this proceeding, and that their motion to be made parties to the appeal should be overruled."

This entry clearly constituted a final order. The Supreme Court overruled a motion to certify.

The movants stress the right to substitute a party said to be a member of "Class" to which this appellant claims to belong under the authority of Section 2309.58, Revised Code. This section authorizes a trial court to correct errors in or amend the pleading or parties before, during trial or after judgment in the interest of justice and in a proper case, so long as the character of the action is not changed. This section has no application to a case in the appellate court on an appeal on questions of law. The record comes to the appellate court as it is certified by the trial court and is not subject to change. Even in an appeal on questions of law and fact, its use is the same as in the trial court, but its provisions do not include the power to substitute or name a new appellant after the time for filing a notice of appeal has passed.

We must conclude that the appellants have the absolute right to dismiss this appeal and their motion, seeking its dismissal, is granted. That part of the motion seeking an order of this court to permit another party to the dissolution proceed-

10

ing, who did not file a notice of appeal, to intervene, or to be substituted, as an appellant, is overruled.

KOVACHY, P. J., SKEEL and HURD, JJ., concur.