OPINION
{¶ 1} Plaintiff-appellant Attorney William Galloway appeals from the decision of the Jefferson County Common Pleas Court that dismissed the declaratory judgment action he filed against his former clients, defendants-appellees Jefferey and Rebecca Horkulic. We are asked to determine whether a trial court can dismiss a declaratory judgment action, which essentially seeks a preemptive declaration of where the injured parties should bring their suit. Because declaring the proper application of procedural rules, such as the rule on venue, is not a recognized function of a declaratory judgment action, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} On November 19, 1999, the Horkulics, who were Jefferson County residents, were in an automobile accident in Mahoning County caused by another Jefferson County resident. The Horkulics hired Attorney Galloway to represent them in their personal injury action. Attorney Galloway's law offices were located in West Virginia, but he was licensed to practice law in Ohio, where he agreed to file the lawsuit. Unfortunately, Attorney Galloway missed the statute of limitations for filing suit. Thus, settlement discussions began between the Horkulics and Attorney Galloway and his legal malpractice insurer.
 {¶ 3} On October 11, 2002, Attorney Galloway filed a complaint for a declaratory judgment against the Horkulics. The complaint alleged that the parties dispute which law applies to their respective conduct and the affect of that law on any alleged claims, defenses, and damages. He asked that the legal malpractice suit be heard in Ohio and included a jury demand stating that the amount of damages was contested.
 {¶ 4} On October 18, 2002, the Horkulics filed a motion to dismiss the declaratory judgment action. First, they cited Civ.R. 12(F) and asked the court to strike any insufficient claim or defense or any redundant, immaterial, impertinent, or scandalous matter. Second, they cited Civ.R. 12(B)(6) and asked the court to dismiss the action for failure to state a claim for which relief can be granted. Third, they cited R.C. 2721.07 and noted that the court should refuse to enter a declaratory judgment if the judgment would not terminate the uncertainty or controversy giving rise to the action. The Horkulics also cited case law providing that three requirements must be met: the action must fall within the spirit of the declaratory judgment act; the action must involve a real case or controversy that is justifiable in nature; and speedy relief must be necessary to avoid the loss of rights. The Horkulics concluded that the complaint in declaratory judgment was without merit and did not meet the declaratory judgment requirements.
 {¶ 5} They also claimed that jurisdiction in the State of Ohio was not proper. In support, they argued that the legal malpractice occurred in West Virginia by pointing out that Attorney Galloway was hired in West Virginia, held himself out to the public as working in West Virginia, had his principal place of business in West Virginia, has never had an office in Ohio, negotiated their case from West Virginia, and mailed them documents from West Virginia. Finally, they cited various rules and statutes dealing with frivolous conduct and asked for attorney fees and costs. The Horkulics summarized that Attorney Galloway is essentially suing them for not suing him, in an attempt to forum shop.
 {¶ 6} Attorney Galloway filed an opposition memorandum on October 25, 2002. He noted the high standard for dismissing complaints for failure to state a claim. Attorney Galloway also argued that any malpractice occurred in Ohio and should be governed by Ohio law. Besides arguing merely that Ohio law applied, he argued that an Ohio jury should determine the proper amount of damages as it would have been an Ohio jury determining damages in the underlying personal injury action. This further revealed that his request is not to declare rights concerning conflict of laws but rather to rule on jurisdiction or venue.
 {¶ 7} The court heard the motion on October 28, 2002. The record was supplemented with a complaint filed by the Horkulics on October 25, 2002 against Attorney Galloway and his malpractice insurer in the Hancock County Circuit Court in West Virginia. On October 29, 2002, the trial court sustained the Horkulics' motion to dismiss the declaratory judgment action:
 {¶ 8} "As for the breach of contract claim that might form the basis of the legal malpractice claim, the issue is going to be whether or not the law of Ohio or West Virginia applies. This is a decision that in the opinion of this Court should be made by the Court that has obtained jurisdiction over the malpractice suit since for this Court to rule may result in further litigation concerning the issues of conflict of laws and full faith and credit in two different states."
 {¶ 9} "The Motion to dismiss the Complaint is sustained with costs assessed to Plaintiff. Because the Court is of the opinion that it has the right to exercise its discretion with respect to ruling on this action but has elected to defer to the Court obtaining jurisdiction over the underlying case, the Court does not find the Motion of Defendants for fees to be warranted * * *."
 {¶ 10} Attorney Galloway filed timely notice of appeal from this decision. As an aside, we note the following: the West Virginia case is set for pretrial in October 2003; the case has not been stayed pending a decision in this appeal; and Attorney Galloway's answer in that case alleged forum non conveniens as a defense.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 11} Appellant's second assignment of error, which shall be addressed first, provides:
 {¶ 12} "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT LEAVE TO AMEND THE COMPLAINT."
 {¶ 13} Under this assignment, appellant contends that the court should have freely granted the orally requested leave to amend the declaratory judgment complaint. This argument is set forth in response to statements made at the hearing conducted on the motion to dismiss. At the hearing, the court noted that the complaint failed to state what Attorney Galloway allegedly did that amounted to malpractice. (Tr. 5). Due to the failure to specify the type of malpractice, the court initially opined, "I'm not really sure that — that this states a cause of action at this point." (Tr. 6).
 {¶ 14} Attorney Galloway's counsel responded by explaining the liberal notice pleading standards. (Tr. 6-7). He stated that even if the complaint is subject to a motion for a more definite statement, he still had time to amend because an answer had not yet been filed. (Tr. 7). The Horkulics' attorney made arguments which had nothing to do with whether the complaint sufficiently specified the type of malpractice. Rather, they argued that the issue presented was not the proper subject for a declaratory judgment action. (Tr. 7-13).
 {¶ 15} Attorney Galloway's counsel then asked that they be permitted to correct any deficiencies in the complaint the court may find. (Tr. 16). The Horkulics' attorney countered that there is no way to amend the complaint to correct the fact that this action does not fit the requirements for a declaratory judgment. Attorney Galloway's counsel finally asked for permission to amend the complaint. The court responded:
 {¶ 16} "No because the issue is still the same, declaratory judgment, regardless of how it occurred. Even if you are more specific in your complaint and state exactly how it happened, what he did, missed the statute or whatever it was, we're still right back to where we were. So, I don't think that's going to make a difference one way or the other. Yeah. We have notice pleading and — and you're probably right that you can say there is a claim but you could force them to be specific with respect to what the claim is but I don't think that solves the answer or solves the issue that's before me right now." (Tr. 19).
 {¶ 17} When the court released its decision dismissing the complaint the next day, it did not rely on its initial reaction that the complaint should state what the exact malpractice was. As the court advised at the hearing, amending the complaint (to disclose that the alleged malpractice was a missed a statute of limitations) would not change the real issue, that is, whether a declaratory judgment action could be maintained by an attorney to determine where his former clients should sue him for malpractice. As such, this assignment of error is without merit.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 18} We now return to appellant's first assignment of error, which alleges:
 {¶ 19} "THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEES' MOTION TO DISMISS THE DECLARATORY JUDGMENT COMPLAINT."
 {¶ 20} Appellant first sets forth an argument concerning the liberal notice pleading requirements of Civ.R. 8. He then states that the trial court erred in dismissing the complaint because a real controversy and justiciable issue exists and the resolution of this issue will terminate the uncertainty or controversy. Appellant also complains that the court did not articulate the basis for its dismissal under one of these two permissible reasons for refusing to decide a declaratory judgment action.
 LAW ON DECLARATORY JUDGMENT ACTIONS {¶ 21} A declaratory judgment action is a creature of statute. R.C. 2721.01 through R.C. 2721.15. The procedure for obtaining a declaratory judgment must be in accordance with the civil rules. Civ.R. 57. A declaratory judgment may be commenced as set forth in R.C. 2721.03:
 {¶ 22} "A person interested under a deed, will, written contract, or other writing constituting a contract or any person whose rights, status, or legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it."
 {¶ 23} Courts may declare rights, status, and other legal relations whether or not further relief is or could be claimed. R.C.2721.02(A). A court may refuse to render a declaratory judgment if the judgment would not terminate the uncertainty or controversy giving rise to the action. R.C. 2721.07. In conjunction with the statutory law, we look to the case law explaining the requirements for a declaratory judgment action.
 {¶ 24} The Ohio Supreme Court has held that a declaratory judgment action is proper if: (1) the action is within the scope of the Declaratory Judgment Act; (2) a justiciable controversy exists between adverse parties; and (3) speedy relief is necessary to preserve rights that may otherwise be impaired. Freedom Found. v. Ohio Dept. of LiquorControl (1997), 80 Ohio St.3d 202, 204. Although R.C. 2721.02(A) and Civ.R. 57 provide that declaratory relief is an alternative remedy, it is not always available. Sander Ditch Landowner's Assn. v. Joint Bd. ofHuron Seneca Cty. Commrs. (1990), 51 Ohio St.3d 131, 134. The remedy is only an alternative to other remedies where the court, in the exercise of sound discretion, finds that the action is within the spirit of the act, a real and justiciable controversy exists, and speedy relief is necessary. Id. at 135 (noting that generally, a declaratory action will not be entertained where another "equally serviceable" remedy exists for the case). Thus, a declaratory judgment complaint can be dismissed where it does not meet the above requirements. However, if the case does meet the above requirements, the case cannot be dismissed even if the court determines the plaintiff is wrong; rather, in such a case, the court must declare the appropriate rights.
 {¶ 25} Appellant cites cases that state that there are only two reasons for dismissing a declaratory judgment action: (1) there is no real justiciable controversy, or (2) the judgment will resolve the controversy. However, these cases leave out the threshold reason set forth by the Supreme Court in Freedom Foundation and Sander Ditch, that the case is not within the scope of the Declaratory Judgment Act, i.e. is not within the spirit of the Act. In determining the scope of the Act, a close reading of R.C. 2721.03 as quoted above is required.
 {¶ 26} First, we note for comparison that a declaratory judgment action is often used by an insurer who seeks to establish its obligations under the insurance contract. Preferred Risk Ins. Co. v. Gill (1987),30 Ohio St.3d 108, 112 (used to adjudicate the duty to defend or indemnify the insured in a tort action by a third party). Often, a conflict of laws issue arises. However, the insurer does not seek a determination that it preemptively filed in the correct jurisdiction.
 {¶ 27} In this case, appellant does not seek a construction of any particular clause in the attorney-client contract. He does not actually seek a declaration of what law applies. Instead, he seeks a declaration that the case should proceed in Ohio and that the former clients should not be permitted to sue him in West Virginia. Appellant is basically trying to receive a declaration of venue. However, interpretation of procedural rules is not a valid function of a declaratory judgment action. Specifically, R.C. 2721.03 only speaks of declaring the application of administrative rules, not procedural rules. See R.C. 2721.02, citing R.C. 119.01, which defines "rule."
 {¶ 28} "Declaratory judgment proceedings usually pertain to substantive rights and cannot ordinarily be used to determine procedural rules for a court or administrative body." Risman v. Van Sweringen Co.
(1962), 21 Ohio Op.2d 173, 88 Ohio L. Abs. 362, 179 N.E.2d 117, 124 (8th Dist.). As per Civ.R. 57, the civil rules apply to govern the procedure in declaratory judgment actions; this being so, they cannot also be interpreted by such action. Interpreting a civil rule so as to confer venue in one court over another is not a "recognized function of a declaratory judgment" action. See 35 Oh. Jur.3d (2002), Declaratory Judgments, Section 18. In conclusion, this action does not fall in the scope of the Declaratory Judgment Act and is not within the spirit of the act as required by Supreme Court case law and the plain language of the controlling statute.
 {¶ 29} Finally, we note a passage from Corpus Juris Secundum: "Declaratory judgment proceedings should not be used to anticipate the trial of an issue in a court of coordinate jurisdiction and do not authorize a court to make prophecies about what another court would do for the plaintiff. * * * A declaratory judgment act does not undertake to confer jurisdiction to lay out a course of procedure for future cases. Thus, an action for declaratory judgment is unavailable to determine who will have the burden of proof in future actions and whether there is an applicable statute of limitations." 26 Corpus Juris Secundum (2001), Declaratory Judgments, Section 44.
 {¶ 30} We also note that there is no indication of why speedy relief was necessary in this case as required by Freedom Foundation andSwander Ditch. This assignment of error is overruled as the issue sought to be addressed by appellant is not within the scope of the declaratory judgment act.
 {¶ 31} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, P.J., and DeGenaro, J., concur.